UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AARON L. KEEFE, #671487,

       Petitioner,

                                        CASE NO. 2:16-CV-13491
v.                                  HONORABLE DENISE PAGE HOOD

PAUL KLEE,

       Respondent.
_____/

**<u>OPINION & ORDER DENYING THE PETITION FOR A WRIT OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY,
& DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL</u>**

**I.    Introduction**

This is a habeas case brought pursuant to 28 U.S.C. § 2254. Michigan prisoner Aaron L. Keefe ("Petitioner") pleaded guilty to two counts of first-degree criminal sexual conduct (victim under 13 years of age), Mich. Comp. Laws § 750.520b(1)(a), in the Livingston County Circuit Court and was sentenced to concurrent terms of 23 to 50 years imprisonment in 2014. In his petition, he raises claims concerning the validity of his sentence and the effectiveness of defense counsel. For the reasons stated herein, the Court denies the habeas petition. The Court also denies a certificate of appealability and denies leave to proceed in forma pauperis on appeal.

## II. Facts and Procedural History

Petitioner's convictions arise from his sexual assault of his girlfriend's son in Livingston County, Michigan on multiple occasions between September, 2006 and September, 2009 when Petitioner was 17 to 20 years old and the boy was 5 to 8 years old. On June 6, 2014, Petitioner pleaded guilty to two counts of first-degree criminal sexual conduct in exchange for the dismissal of two additional charges and an agreement that he would not be subject to a 25-year minimum sentence and would not be subject to consecutive sentences. The parties acknowledged that he faced a life sentence and that the minimum sentencing guideline range was 171 months (14 years 3 months) to 285 months (23 years 9 months) imprisonment.

On July 23, 2014, the trial court conducted a sentencing hearing. At that hearing, defense counsel objected to the scoring of Prior Record Variable 4 and Offense Variable 19. The trial rejected those arguments and confirmed that the minimum sentencing guideline range was properly scored at 171 months to 285 months imprisonment. Defense counsel had no further objections. The prosecutor requested a sentence of 285 months to 75 years imprisonment. Defense counsel requested a sentence at the low end of the guideline range. In support of this request, counsel presented mitigating

factors, including Petitioner's unstable childhood, his moderate closed head injury, his mental health condition, his remorse, and his family support. Petitioner, on his own behalf, also discussed his prison misconducts, his history of incarceration, and his desire to redeem himself. The trial court then sentenced Petitioner to concurrent terms of 23 to 50 years imprisonment.

Following sentencing, Petitioner filed a delayed application for leave to appeal with the Michigan Court of Appeals raising the same claims presented on habeas review. The court denied the application for lack of merit in the grounds presented. *People v. Keefe*, No. 324910 (Mich. Ct. App. Jan. 21, 2015) (unpublished). Petitioner filed an application for leave to appeal with the Michigan Supreme Court, which was denied. *People v. Keefe*, 498 Mich. 962, 872 N.W.2d 688 (2015).

Petitioner thereafter filed his federal habeas petition. He raises the following claims:

    I.    The trial court unlawfully deprived him of his due process, equal protection, and other protected rights under the United States and Michigan Constitutions when it scored 10 points on OV-4, 15 points on OV-8, and 15 points on OV-19; on plain error and/or ineffective assistance of counsel grounds this court should review the scoring of OV-4 and OV-8.

    II.    The trial court unlawfully violated the United States and Michigan Constitutions in sentencing him to concurrent

prison terms of 23 to 50 years on the two CSC-1 convictions; on plain error and/or ineffective assistance of counsel grounds this Court should review this issue.

Respondent has filed an answer to the petition contending that it should be denied because the claims are not cognizable and/or lack of merit. Petitioner has filed a reply to that answer reiterating his claims.

## III. Standard of Review

Federal law imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different

4

from [that] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)); *see also Bell v. Cone*, 535 U.S. 685, 694 (2002).

"[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694. However, "[i]n order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409. "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 559 U.S. 766, 773 (2010) (quoting *Lindh*, 521 U.S. at 333, n. 7; *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002) (per curiam)).

The United States Supreme Court has held that "a state court's determination that a claim lacks merit precludes federal habeas relief so long

as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The Supreme Court emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id*. (citing *Lockyer v. Andrade,* 538 U.S. 63, 75 (2003)). Pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Id.* In order to obtain federal habeas relief, a state prisoner must show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.*; *see also White v. Woodall*, _ U.S. _, 134 S. Ct. 1697, 1702 (2014). "When reviewing state criminal convictions on collateral review, federal judges are required to afford state courts due respect by overturning their decisions only when there could be no reasonable dispute that they were wrong." *Woods v. Donald*, _ U.S. _, 135 S. Ct. 1372, 1376 (2015). A habeas petitioner cannot prevail as long as it is within the "realm of

possibility" that fairminded jurists could find the state court decision to be reasonable. *Woods v. Etherton*, _ U.S. _, 136 S. Ct. 1149, 1152 (2016).

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *Williams*, 529 U.S. at 412; *see also Knowles v. Mirzayance*, 556 U.S. 111, 122 (2009) (noting that the Supreme Court "has held on numerous occasions that it is not 'an unreasonable application of clearly established Federal law' for a state court to decline to apply a specific legal rule that has not been squarely established by this Court") (quoting *Wright v. Van Patten*, 552 U.S. 120, 125-26 (2008) (per curiam)); *Lockyer*, 538 U.S. at 71-72. Section 2254(d) "does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'" *Harrington*, 562 U.S. at 100. Furthermore, it "does not require citation of [Supreme Court] cases–indeed, it does not even require awareness of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002); *see also Mitchell*, 540 U.S. at 16.

The requirements of "clearly established law" are to be determined

7

solely by Supreme Court precedent. "[C]ircuit precedent does not constitute 'clearly established Federal law, as determined by the Supreme Court,'" and "[i]t therefore cannot form the basis for habeas relief under AEDPA." *Parker v. Matthews*, 567 U.S. 37, 48-49 (2012) (per curiam); *see also Lopez v. Smith*, _ U.S. _ 135 S. Ct. 1, 2 (2014) (per curiam). The decisions of lower federal courts, however, may be useful in assessing the reasonableness of the state court's decision. *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007) (citing *Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003)); *Dickens v. Jones*, 203 F. Supp. 354, 359 (E.D. Mich. 2002).

Lastly, a state court's factual determinations are presumed correct on federal habeas review. *See* 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption with clear and convincing evidence. *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998). Habeas review is "limited to the record that was before the state court." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

## IV. Analysis

### A. Offense Variable Scoring & the Effectiveness of Counsel

Petitioner first asserts that he is entitled to habeas relief because the trial court improperly scored Offense Variables 4, 8, and 19 of the state sentencing guidelines in violation of his due process and equal protection

8

rights under the Michigan and United States Constitutions, and that defense counsel was ineffective for failing to object to such matters. Respondent contends that these claims are not cognizable in part and lack merit.

Petitioner raised these claims on direct appeal in the state courts. The Michigan Court of Appeals denied leave to appeal for lack of merit and the Michigan Supreme Court denied leave to appeal in a standard order. The state courts' decisions are neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts.[1] A sentence imposed within the statutory limits is generally not subject to federal habeas review. *Townsend v. Burke*, 334 U.S. 736, 741 (1948); *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999). Claims which arise out of a state trial court's sentencing decision are not cognizable upon federal habeas review unless the petitioner can show that the sentence exceeded the statutory limits or is wholly unauthorized by law. *Lucey v. Lavigne*, 185 F. Supp. 2d 741, 745 (E.D. Mich. 2001). Petitioner makes no such showing. His sentences are within the statutory maximum of life imprisonment, *see* Mich. Comp. Laws § 750.520b(1)(a), and are within the minimum sentence guideline range of 171 months to 285 months imprisonment.

---

[1] The Court would reach the same conclusion under a de novo standard of review.

Moreover, Petitioner cannot prevail on his claims that the trial court erred in scoring Offense Variables 4, 8, and 19. Such claims are not cognizable on federal habeas review because they are state law issues. *See Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003) ("A state court's alleged misinterpretation of state sentencing guidelines and crediting statutes is a matter of state concern only."); *Cheatham v. Hosey*, 12 F.3d 211, 1993 WL 478854, *2 (6th Cir. Nov.19, 1993) (departure from state sentencing guidelines is a state law issue which is not cognizable on federal habeas review); *see also McPhail v. Renico*, 412 F. Supp. 2d 647, 656 (E.D. Mich. 2006); *Robinson v. Stegall*, 157 F. Supp. 2d 802, 823 (E.D. Mich. 2001). Any error in scoring the offense variables and determining the guideline range does not merit habeas relief. State courts are the final arbiters of state law and the federal courts will not intervene in such matters. *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Oviedo v. Jago*, 809 F.2d 326, 328 (6th Cir. 1987).

Additionally, to the extent that Petitioner asserts a violation of the Michigan Constitution or contests the state court's interpretation of state law regarding the scoring of the offense variables and the application of that law, he is not entitled to relief. It is well-settled that "a state court's interpretation of state law, including one announced on direct appeal of the challenged

conviction, binds a federal court sitting on habeas review." *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *see also Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975) (state courts are the final arbiters of state law); *Sanford v. Yukins*, 288 F.3d 855, 860 (6th Cir. 2002). Habeas relief does not lie for perceived state law errors. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Petitioner fails to state a claim upon which relief may be granted as to this issue.

Petitioner also asserts that his sentences violate federal due process. A sentence may violate federal due process if it is carelessly or deliberately pronounced on an extensive and materially false foundation which the defendant had no opportunity to correct. *Townsend*, 334 U.S. at 741; *see also United States v. Tucker*, 404 U.S. 443, 447 (1972); *United States v. Sammons*, 918 F.2d 592, 603 (6th Cir. 1990) (defendant must have a meaningful opportunity to rebut contested sentencing information). To prevail on such a claim, a petitioner must show that the court relied upon the allegedly false information. *United States v. Polselli*, 747 F.2d 356, 358 (6th Cir. 1984); *Draughn v Jabe*, 803 F. Supp. 70, 81 (E.D. Mich. 1992). Petitioner makes no such showing. The record reveals that he had a sentencing hearing before the state trial court with an opportunity to challenge the scoring of the guidelines. In fact, defense counsel contested the scoring of Prior

Record Variable 4 and Offense Variable 19. Petitioner also presented his sentencing issues to the state appellate courts and was denied relief. Petitioner fails to establish that the trial court relied upon materially false or inaccurate information in imposing his sentences which he had no opportunity to correct. No due process violation occurred. Habeas relief is not warranted.

Petitioner further asserts that his sentences violate his federal equal protection rights. To state an equal protection claim, a habeas petitioner must show that he was intentionally treated differently from other similarly-situated people and that there is no rational basis for the difference in treatment. *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *City of Cleburne v. Cleburne Living Ctr. Inc.*, 473 U.S. 432, 439 (1985). Petitioner fails to allege any facts which show that he is being treated differently than a person similarly situated to him. Conclusory allegations, without evidentiary support, do not provide a basis for habeas relief. *See, e.g., Workman v. Bell*, 178 F.3d 759, 771 (6th Cir. 1998) (conclusory allegations of ineffective assistance of counsel do not justify habeas relief); *Perez v. Hemingway*, 157 F. Supp. 2d 790, 795 (E.D. Mich. 2001) (conclusory allegations that federal prisoner's equal protection rights were violated did not justify relief). Petitioner fails to state an equal protection claim in his pleadings.

Petitioner relatedly asserts that defense counsel was ineffective for failing to challenge the scoring of Offense Variables 4 (psychological injury to victim) and 8 (asportation or captivity).[2] In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court set forth a two-pronged test for determining whether a habeas petitioner has received the ineffective assistance of counsel. First, a petitioner must prove that counsel's performance was deficient. This requires a showing that counsel made errors so serious that he or she was not functioning as counsel as guaranteed by the Sixth Amendment. *Id.* at 687. Second, the petitioner must establish that the deficient performance prejudiced the defense. Counsel's errors must have been so serious that they deprived the petitioner of a fair proceeding. *Id.*

With respect to the performance prong, a petitioner must identify acts that were "outside the wide range of professionally competent assistance" in order to prove deficient performance. *Id.* at 690. The reviewing court's scrutiny of counsel's performance is highly deferential. *Id.* at 689. The court must recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable

---

[2]Defense counsel did object to the scoring of Offense Variable 19 (interference with the administration of justice), but the trial court ruled that it was properly scored because Petitioner threatened to kill the victim's mother if he reported the assaults.

13

professional judgment. *Id*. at 690.

To satisfy the prejudice prong of *Strickland*, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. A reasonable probability is one that undermines confidence in the outcome. *Id*. "On balance, the benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the [proceeding] cannot be relied on as having produced a just result." *McQueen v. Scroggy*, 99 F.3d 1302, 1311-12 (6th Cir. 1996) (citing *Strickland*, 466 U.S. at 686).

The Supreme Court has confirmed that a federal court's consideration of an ineffective assistance of counsel claim arising from state criminal proceedings is quite limited on habeas review due to the deference accorded trial attorneys and state appellate courts reviewing their performance. "The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." *Harrington*, 562 U.S. at 105 (internal and end citations omitted). "When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s

deferential standard. *Id.*

In this case, Petitioner cannot show that defense counsel was ineffective under the *Strickland* standard. The state trial court scored Offense Variable 4 at 10 points and Offense Variable 8 at 15 points and the Michigan Court of Appeals found that Petitioner's claims lacked merit. The state courts' rulings on these underlying state law issues are binding on a federal habeas court. *Bradshaw*, 546 U.S. at 76; *Sanford*, 288 F.3d at 860. Consequently, Petitioner cannot establish that counsel erred and/or that he was prejudiced by counsel's conduct. Defense counsel cannot be deemed ineffective for failing to make a futile or meritless objection. *See Coley v. Bagley*, 706 F.3d 741, 752 (6th Cir. 2014) ("Omitting meritless arguments is neither professionally unreasonable nor prejudicial."); *United States v. Steverson*, 230 F.3d 221, 225 (6th Cir. 2000).[3] Habeas relief is not warranted.

**B.     Consideration of Sentence & the Effectiveness of Counsel**

Petitioner also asserts that he is entitled to habeas relief because the trial court failed to properly consider mitigation and accurate information in imposing his sentences in violation of the Michigan and Federal Constitutions,

---

[3]The Court notes that the victim's impact statement at sentencing that he received therapy and feared Petitioner supported the scoring of Offense Variable 4 at 10 points and the fact that Petitioner took the victim into the woods to assault him supported the scoring of Offense Variable 8 at 15 points.

and that defense counsel was ineffective in such regard. Respondent contends that these claims are not cognizable in part and lack merit.

Petitioner raised these claims on direct appeal in the state courts. The Michigan Court of Appeals denied leave to appeal for lack of merit in the grounds presented and the Michigan Supreme Court denied leave to appeal in a standard order. The state courts' decisions are neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts.[4] Again, to the extent that Petitioner asserts a violation of Michigan law with respect to his sentencing, he fails to state a claim upon which relief may be granted. As discussed, state courts are the final arbiters of state law and the federal courts will not intervene in such matters. *Lewis*, 497 U.S. at 780; *Oviedo*, 809 F.2d at 328. Habeas relief does not lie for perceived state law errors. *Estelle*, 502 U.S. at 67-68.

Petitioner also fails to establish a violation of his federal constitutional rights. As with the offense variable scoring claim, Petitioner cannot prevail on his claim that he is entitled to habeas relief because the trial court failed to consider mitigating evidence. There is no constitutional requirement that a court consider mitigating evidence at sentencing in non-capital cases. *Engle*

---

[4]The Court would reach the same conclusion under a de novo standard of review.

*v. United States*, 26 F. App'x 394, 397 (6th Cir. 2001); *Hastings v. Yukins*, 194 F. Supp. 2d 659, 673 (E.D. Mich. 2002). The Supreme Court has limited its holding concerning mitigating evidence to capital cases. *See Harmelin v. Michigan*, 501 U.S. 957, 996 (1991) ("We have drawn the line of required individualized sentencing at capital cases, and see no basis for extending it further."); *see also Alvarado v. Hill*, 252 F.3d 1066, 1069 (9th Cir. 2001) (citing *Harmelin*). Petitioner fails to state a claim upon which relief may be granted as to this issue.

Furthermore, while a sentence may violate federal due process if it is carelessly or deliberately pronounced on an extensive and materially false foundation which the defendant had no opportunity to correct, *Townsend*, 334 U.S. at 741, Petitioner makes no such showing. The record reflects that the trial court considered the circumstances of the crime, Petitioner's criminal history and prison record, the pre-sentence reports, and other permissible factors at sentencing. Petitioner had an opportunity to contest the accuracy of the reports, to present mitigating evidence, and to make a statement at sentencing. Both defense counsel and Petitioner sought leniency and offered mitigating information at sentencing. Petitioner fails to establish that the trial court relied upon materially false or inaccurate information in imposing his

sentence which he had no opportunity to correct.

Petitioner also fails to establish that defense counsel was ineffective under the *Strickland* standard. The record indicates that counsel discussed mitigating factors, including Petitioner's unstable childhood, his moderate closed head injury, his mental health condition, his remorse, and his family support at the sentencing hearing and urged the trial court to impose a sentence at the low end of the guidelines. Petitioner, on his own behalf, also discussed his prison misconducts, his history of incarceration, and his desire to redeem himself. The trial court imposed a sentence within the guidelines. The fact that counsel's strategy was not fully successful does not mean that counsel was ineffective. *See Moss v. Hofbauer*, 286 F.3d 851, 859 (6th Cir. 2002) (an ineffective assistance of counsel claim "cannot survive so long as the decisions of a defendant's trial counsel were reasonable, even if mistaken"). Defense counsel acted reasonably under the circumstances. Petitioner fails to establish that counsel erred and/or that he was prejudiced by counsel's conduct. Habeas relief is not warranted.

**V.    Conclusion**

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief on his claims. Accordingly, the Court **DENIES** and

**DISMISSES WITH PREJUDICE** the petition for a writ of habeas corpus. Petitioner's Motion to Appoint Counsel (DE #13) is **DENIED** as **MOOT**.

Before Petitioner may appeal, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the constitutional claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). Petitioner fails to make a substantial showing of the denial of a constitutional right as to his habeas claims. Accordingly, the Court **DENIES** a certificate of appealability. The Court also **DENIES** leave to proceed in forma pauperis on appeal as an appeal cannot be taken in good faith. *See* Fed. R. App. P. 24(a). This case is closed.

**IT IS SO ORDERED**.

*S/Denise Page Hood*
**Denise Page Hood**
**Chief Judge, United States District Court**

*Dated: August 31, 2017*

*I hereby certify that a copy of the foregoing document was served upon counsel of record on August 31, 2017, by electronic and/or ordinary mail.*

      *S/LaShawn R. Saulsberry*
      *Case Manager*